UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiffs,

v.

JOEL CICERO, et al.,

      Defendant.

- - - - - - - - - - - - - - -

NIAGARA ROAR PUBLICATIONS, INC.
d/b/a NIAGARA FALLS REPORTER,

      Moving Party.

      NOTICE OF MOTION
      AND AFFIRMATION

Docket No. 02-CR-73A

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that the within Motion will be brought on for a hearing before United States District Judge Richard J. Arcara on Thursday, January 19, 2006 at 9:00 A.M. or at such other convenient date as fixed by the Clerk at the United States Courthouse, Buffalo, New York.

DATED: Buffalo, New York
    January 4, 2006

        DAVID GERALD JAY

        _____
        David Gerald Jay
        Attorney for Witness
        69 Delaware Avenue - Suite 1103
        Buffalo, New York 14202

TO: JOSEPH M. LATONA, ESQ.
    Atorney for Defendant Cicero
    403 Main Street - Suite 716
    Buffalo, NY 14203

    KATHLEEN M. MEHLTRETTER, ESQ.
    Acting United States Attorney
    Attn: William J. Hochul, Jr., AUSA
    138 Delaware Avenue
    Buffalo, NY 14202

## AFFIRMATION

DAVID GERALD JAY, an attorney at law, pursuant to 28 U.S.C. § 1746(2), declares under the penalty of perjury that the following is true and correct:

1. I am attorney for the Witness Niagara Roar Publications, Inc., doing business under the style and assumed name of "Niagara Falls Reporter" and make this affirmation in support of the within application to quash the subpoena dated July 19, 2005 (a copy of which is hereto annexed) which has been served upon my client, currently calling for its attendance as a witness in this action in late June, 2006.

2. The Subpoena is overbroad and infringes upon the right to freedom of the press as preserved by the first amendment.

3. It is conceded that everyman is subject to

- 2 -

examination as a witness in any court proceeding; however, judicial officers stand guard as gatekeeper to insure that the rights of all are preserved.

4. In this case, it is suggested that the procurer of the subpoena should have a threshold requirement to make a showing of relevance of any proposed area of inquiry.

5. Addditionaly, there are two competing constitutional concerns at play here: (1), the right of the accused to present relevant testimony in his defense - 5th and 6th amendments, and (2), the right of the press to keep its sources and though processes confidential - 1st and 14th amendments. The Court must balance these two principles and attempt to honor both of them without doing violence to either of them.

6. It is therefore suggested that the defendant upon whose instance this subpoena was issued be directed to make an offer of proof of the evidence he beleives will be elicited from this witness, should the subpoena be honored.

7. Once the offer of proof has been accomplished, the Court will be in a position to rule upon the appropriateness of the suggested areas of inquiry, using the standard tests of

- 3 -

relevance, competence and materiality, with special emphasis being brought to bear on the concept of hearsay, an area which seems to be pervasive in the areas of inquiry alluded to in the subpoena.

8. Once the record has been made, it is suggested that the appropriate remedy will be to grant this application to quash the subpoena.

WHEREFORE, affiant requests that the subpoena be quashed, or for such other, further, different or additional relief as may be just and proper.

Dated: Buffalo, New York
       January 4, 2006

_____
David Gerald Jay

# United States District Court

WESTERN **DISTRICT OF** NEW YORK

UNITED STATES OF AMERICA,

v.

MARK CONGI, JOEL CICERO, et al.,

TO:

NIAGARA FALLS REPORTER
1625 BUFFALO AVENUE
NIAGARA FALLS, NY 14303

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER: 02-CR-73A

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Western District of New York<br>68 Court Street<br>Buffalo, New York 14202 | Part II, 6th Floor |
| | DATE AND TIME<br>September 9, 2005 @ 9:00 a.m. |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Any notes, memoranda, news article, computer data and/or any other tangible item reflecting any information provided by and/or on behalf of Joseph M. Aragon and/or ProServe Corporation which refers and/or relates to Joel Cicero, Mark Congi, Laborers Local 91, Niagara Falls Bridge Commission and/or World Duty Free America and/or any employee, agent or representative of Laborers Local 91, Niagara Falls Bridge Commission and/or World Duty Free America.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br><br>(By) Deputy Clerk | DATE<br><br>JUL 19 2005 |
|---|---|
| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:<br>Joseph M. LaTona, Esq.<br>403 Main Street - Suite 716    716-842-0416<br>Buffalo, NY 14203 | |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of David Gerald Jay, Esq., attorney for the moving party/witness, NIAGARA ROAR PUBLICATIONS, INC., d/b/a NIAGARA FALLS REPORTER, and is a person of such age and discretion as to be competent to serve papers.

That on January 4, 2006, she served a copy of the attached Notice of Motion and Affirmation by placing a copy in a post-paid envelope addressed to the persons hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at 69 Delaware Avenue, Buffalo, New York 14202.

ADDRESSEE(S):   Kathleen M. Mehltretter, Acting US Attorney
Attn: William J. Hochul, AUSA
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202

Joseph M. LaTona, Esq.
403 Main Street, Suite 716
Buffalo, NY 14203

DATED:   Buffalo, New York
January 4, 2006

*Priscilla D. Scott*