IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        -v-                                02-CR-73-A (1),(5),(9),(15)

MARK CONGI,
ALBERT CELESTE,
PAUL BELLRENG,
JOEL CICERO,

                Defendants.

---

## **GOVENMENT'S PROPOSED VOIR DIRE QUESTIONS**

(1) Have you or any close friend or relative ever been a member of a union?

If yes, what union? When? In any official capacity (e.g., Business Agent, Officer, steward)?

(2) Have you or any close friend or relative ever been involved in a labor dispute, either as a member of a union or a member of management?

If yes, what was the nature of the dispute? Who were the parties? When did the dispute occur? How was the dispute resolved? What was the result of the labor dispute?

(3) As a member of a union, have you or any close friend or relative ever had a dispute with members of another union?

If yes, what was the nature of the dispute? Who were the parties? When did the dispute occur? How was the dispute resolved? What was the result of the dispute?

(4) Have you or any close friend or relative ever been involved in a picket line, strike, work stoppage, or other type of labor protest?
If yes, what was the reason for the protest? When did it occur? How long did the protest last? Were any arrests made as a result of the protest?

(5) Do any of you believe that it is acceptable to use violence against persons and/or property to resolve a labor dispute?

(6) If the Judge instructed you that it is illegal to use violence against persons even if the assailant is involved in a labor dispute, would you be able to follow that instruction?

(7) At this trial, you will be asked to consider actions allegedly committed by the defendants and others between 1995 and 2003. There are several reasons why this case is going to trial at this time, even though several years have passed since the commission of the alleged offenses. Do all of you understand that this passage of time - by itself - is of absolutely no

significance to your final determination that the events took place between 1995 and 2003? In other words, you will not be allowed to consider, one way or another, that the fact the alleged crimes took place between 1995 and 2002 means the defendants must be either guilty or not guilty. Instead, do all of you promise to only look at the relevant evidence, as I define that for you, in making this determination of guilt or innocence?

(8) In this trial, you will hear that the charge involves aiding and abetting. While I will fully define that term for you later, do all of you understand and accept the principle that a person may be found guilty of a crime even if he himself does not physically commit the crime? Do all of you believe you could follow my instruction that if a person aids and abets others, as I will define that for you, he is just as guilty of the crime as if he himself performed the physical act?

(9) You will also hear that many of the charged crimes involve an "attempt," as in, "attempt to commit the crime of extortion." Do all of you understand and accept the principle that one who attempts to commit a crime is also guilty of a criminal offense? Do all of you believe that you could follow fully my

instructions to that effect? While I will define the manner in which you go about determining whether a person is guilty of attempting to commit a crime, are all of you at this point willing to agree that one who attempts to commit a crime could be found guilty of a criminal offense?

(10) The Government has indicated that it may call as witnesses several persons who pleaded guilty to various offenses, including some about which you will hear in this trial. I will instruct you that this is perfectly appropriate, and give you further instructions as to how to evaluate such witnesses' testimony. Does anyone here feel they would not be able to listen to the testimony of such witnesses, just because those witnesses have admitted participating in various crimes?

DATED: Buffalo, New York, June 14, 2006.

Respectfully submitted,

TERRANCE P. FLYNN
United States Attorney

BY:  s/William J. Hochul, Jr.
WILLIAM J. HOCHUL, JR.
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 887
william.hochul@usdoj.gov

```
                              BY:    s/Brett A. Harvey
                                     BRETT A. HARVEY
                                     Assistant U.S. Attorney
                                     U.S. Attorney's Office
                                     Western District of New York
                                     100 State Street
                                     Rochester, New York 14614
                                     (585) 263-6760, ext. 2249
                                     brett.harvey@usdoj.gov


TO:   Joel L. Daniels, Esq.
      Terrence M. Connors, Esq.
      John Molloy, Esq.
      Joseph M. LaTona, Esq.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      -v-                                02-CR-73-A (1),(5),(9),(15)

MARK CONGI,
ALBERT CELESTE,
PAUL BELLRENG,
JOEL CICERO,

                Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2006, I electronically filed the foregoing **Government's Proposed Voir Dire Questions** with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following CM/ECF participant(s) on this case:

    Joel L. Daniels, Esq.

    Terrence M. Connors, Esq.

    John J. Molloy, Esq.

I hereby certify that on June 14, 2006, I mailed the foregoing **Government's Proposed Voir Dire Questions**, by the United States Postal Service, to the following non-CM/ECF participant(s):

    Joseph M. LaTona, Esq.
    716 Brisbane Building
    Buffalo, New York 14203

                                                  s/Karen A. Brown
                                                  KAREN A. BROWN